UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jason D. Compton, #331364, | ) | C/A No. 4:22-553-DCC-TER |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| Officer Mr. Perkins, Officer Mr. Freshman, Captain Mr. Hingleton, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This case is before the Court because of Plaintiff's failure to appropriately comply with the magistrate judge's order of May 11, 2022 (ECF No. 21). A review of the record indicates that the magistrate judge ordered Plaintiff to submit additional information needed to complete service of process on Defendant Freshman within fourteen days, and specifically informed Plaintiff that if he failed to do so, Defendant Freshman would be subject to dismissal. The Court has received a late response from Plaintiff that is not in compliance with the prior order. Plaintiff has not submitted <u>additional</u> information for the U.S. Marshals to serve Defendant Freshman and a prior attempt to serve resulted in an unexecuted summons. Plaintiff has now submitted less information than previously submitted. (ECF Nos. 16, 31)

The mail in which the order was sent to Plaintiff at the address provided has not been returned to the court, thus it is presumed that Plaintiff received the order, but has neglected to appropriately and fully comply with the order within the time permitted under the order.

Plaintiff's lack of an appropriate response indicates an intent to not prosecute this case against Defendant Freshman, and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a Plaintiff fails to comply with an order of the court); *see also*

*Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*). A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied* 493 U.S. 1084 (1990) and *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of plaintiff's responsibility in failing to respond;
> (2) the amount of prejudice to the defendant;
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978).

In the present case, Plaintiff is proceeding *pro se* and he is entirely responsible for his actions. It is solely through plaintiff's own neglect, and not that of an attorney, that Plaintiff has not provided additional information in order to complete service on Defendant Freshman. Plaintiff was previously warned that: "The providing of sufficient, accurate, and complete information on the Form USM-285 is the responsibility of Plaintiff." (ECF No. 21).

Accordingly, Defendant Freshman is dismissed from this action without prejudice to Fed. R. Civ. Proc. 41(b).

**IT IS SO ORDERED.**

June 27, 2022
Spartanburg, South Carolina

s/Donald C. Coggins, Jr.
The Honorable Donald C. Coggins, Jr.
United States District Judge