IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jason D. Compton, | ) | Case No. 4:22-cv-00553-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Officer Mr. Perkins and Captain Mr. Hingleton, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's pro se complaint. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On October 19, 2022, Defendants filed a Motion for Summary Judgment. ECF No. 46. On October 20, 2022, this Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences for failing to respond adequately. ECF No. 47. Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, Plaintiff did not respond. Plaintiff did file seven Motions for Appointment of Counsel. ECF Nos. 50, 53, 56, 58, 63, 65, 69. On April 25, 2023, the Magistrate Judge denied the Motions for Appointment of Counsel and granted Plaintiff 20 days to file a

response to the pending Motion for Summary Judgment. ECF No. 71. Plaintiff filed a letter but did not file a response to the Motion for Summary Judgment.[1] ECF No. 75.

On July 11, 2023, the Magistrate Judge issued a Report recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or, in the alternative, that the Motion for Summary Judgment be granted. ECF No. 77. The Magistrate Judge advised the Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo*

---

[1] The Court has thoroughly reviewed all of Plaintiff's Motions for Appointment of Counsel and the letter. Upon review, the Court agrees with the Magistrate Judge that none of these documents can be liberally construed as a response to the Motion for Summary Judgment.

review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. Accordingly, this action is **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Motion for Summary Judgment [46] is **FOUND as MOOT**.[2]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 11, 2023
Spartanburg, South Carolina

---

[2] The Court notes that Plaintiff was moved to a different correctional facility between the filing of the Report and this Order. Upon review of the South Carolina Department of Corrections' inmate search, it appears he was not moved until the beginning of August, after the time to file objections had run. Notably, the Report has not be returned as undeliverable and there is no indication Plaintiff did not timely receive it. The Clerk of Court is directed to mail a copy of this Order to Plaintiff's new address.